Hornblower, C. J.
Our statute in this respect is but a copy of 14 Geo. 2 C. 17; and in Bently v. Scott et al., Barnes’ Notes, 317, the court of Common Pleas granted a rule like the one now prayed for, upon the ground, that the statute had made no distinction between actions of replevin and other actions. I do not know how long that decision was followed in the O. B.; but it is not now the practice of that court, and has never been adopted in the King’s Bench.
*298 In Eggleton v. Smart, 1 Bl. R. 375, the defendant moved for judgment as in case of a non-suit, for not proceeding to trial. It was objected, that in replevin, both parties are considered as actors, and either may carry the cause down to trial; and that if the defendant gives notice of trial, and does not bring on the cause, the practice of the court was to give costs against him : that the plaintiff had not noticed the cause, and there was no instance in which the act of parliament had been applied in practice to the action of replevin. In reply, the above mentioned case in Barnes was cited: but, by the whole Court: “ the statute has never yet been extended to actions of replevin, in this Court: ” and the rule was refused. Again, in Jones v. Concannon, 3 T. R. 661, Jekyll, moved for a judgment as in case of a non-suit for not going to trial according to the practice of the court: but the court refused the motion: saying as before, that in replevin, both parties are actors; and they added, that the defendant might have carried down the cause, “ by proviso ” which they considered an answer to the application. This latter reason assigned by the court in that case, is not the true one: since a defendant in any other action, may have a rule for a trial by proviso.
In Shortridge v. Hiern, 5 T. R. 400, Gibbs moved for a like judgment in replevin, and mentioned the case in Barnes. He admitted that such a motion had been refused in Jones v. Concannon, 3 T. R. 661; but insisted, that the 14 Geo. 2 C. 17, sec. 1, made no distinctions between actions of replevin and other actions ; and he very properly remarked, that the reason given by the court in Jones v. Concannon, for refusing the rule, was a very insufficient one; because the right of a trial by proviso, extended to all other cases. The court said, that as it was a question on the construction of an act of parliament, it was proper, that the practice of all the courts should correspond: and they granted a rule to show cause. But afterwards, on the same day, ascertaining that the practice of the Common Pleas did not differ, they refused the motion. In Bul. N. P. 61, it is said, that in replevin, both parties are actors: therefore either party may-carry down the cause; and if the defendant give notice, and do not go to trial, costs will be given against him; for the same reason, the defendant may not move for judgment of nonsuit, *299 unless the plaintiff have given notice of trial. The same rule is laid down in Qilb. on Replev. So also, in Wilkinson on Replev. 79, in 6 Law Lib. it is said, that as both parties are actors, either the plaintiff or the defendant, (who is commonly most interested in obtaining a speedy trial,) may make up the issue or paper book : for it is settled, that the defendant may take down the record immediately after issue joined ; and not wait until the plaintiff has been guilty of a default; but may proceed without a proviso : and for that reason, the defendant cannot have judgment against the plaintiff as in case of a nonsuit, on the statute. The issue may be entered of record by either party; and as both parties are actors, there is no rule to enter the issue; nor, as it seems, can there be judgment for not entering the issue, and for these positions, the author cites, 2 Saund. 336, n. The same rule is laid down 2 Archb. Prac. 71, 72, tit. Replev. and in all the books of practice 1 have consulted upon this subject: and see Salk. 653, case 32. The result is, that the motion must be denied.

Motion Denied.

Cited in Smethurst v. Harwood, 1 Vr. 232.